IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CM VENTURES, INC.; <br> UW AUBURN, LLC; <br> and UW BROOKHAVEN, LLC; <br><br> PLAINTIFFS, <br> v. <br><br> URBAN WOK, LLC; <br> URBAN WOK MANAGEMENT, LLC; URBAN WOK GLOBAL FUSION, LLC and <br> MARK EDWARD TOTH; <br><br> DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> CIVIL ACTION NO.:_____ <br> * <br> * <br> * <br> * |

## COMPLAINT

The Plaintiffs CM Ventures, Inc.; UW Auburn, LLC and UW Brookhaven, LLC (collectively "Plaintiffs") for their Complaint against Defendants Urban Wok, LLC; Urban Wok Management, LLC; Urban Wok Global Fusion, LLC; and Mark Edward Toth (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action against Defendants for negligence, fraudulent misrepresentation, suppression, breach of contract, and a declaratory judgment pursuant to the Federal Declaratory Judgment Act 28 U.S.C. § 2201(a).

2. This Declaratory Judgment action under 28 U.S.C. § 2201(a) is proper here because there is a real controversy between the parties concerning the parties'

1

entering into Licensing Agreements which should have been Franchising Agreements pursuant to 16 C.F.R. § 436, *et seq*.

## PARTIES

3. Plaintiff CM Ventures, Inc. ("CM") is an Alabama domestic corporation organized and existing under the laws of the State of Alabama with its principal place of business located at 266 Lee Road 185, Opelika, Alabama 36804.

4. Plaintiff UW Auburn LLC ("UW Auburn") is an Alabama domestic limited liability company is an Alabama domestic corporation organized and existing under the laws of the State of Alabama with its principal place of business located at 266 Lee Road 185, Opelika, Alabama 36804.

5. Plaintiff UW Brookhaven, LLC ("UW Brookhaven") is an Alabama domestic limited liability company is an Alabama domestic corporation organized and existing under the laws of the State of Alabama with its principal place of business located at 266 Lee Road 185, Opelika, Alabama 36804.

6. Defendant Urban Wok, LLC ("Urban Wok") is a Minnesota limited liability company organized and existing under the laws of the State of Minnesota, with its principal office address of 209 4th Street East, Saint Paul, Minnesota, 55101 and who may be served with service of process via its Registered Agent, Mark Toth at its registered office address of 111 4th Avenue North, #208, Minneapolis, Minnesota 55401.

7. Defendant Urban Wok Management, LLC ("UW Management") is a Minnesota limited liability company organized and existing under the laws of the State of Minnesota, with its principal office address of 111 4th Avenue North, #208, Minneapolis, Minnesota 55401 and who may be served with service of process via its Manager, Mark Toth at its registered office address of 111 4th Avenue North, #208, Minneapolis, Minnesota 55401.

8. Defendant Urban Wok Global Fusion, LLC ("UW Global") is a Minnesota limited liability company organized and existing under the laws of the state of Minnesota with a principal office address of 209 4th Street East, Saint Paul, Minnesota 55101 and who may be served with service of process via its Registered Agent, Mark Toth at its registered office address of 253 4th Street East #103, Saint Paul, Minnesota 55101.

9. Mark Edward Toth ("Toth") is, upon information and belief, an individual adult residing at 111 4th Avenue North #208, Minneapolis, Minnesota 55401.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between all of the plaintiffs and all of the defendants, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11. Personal jurisdiction is proper in the Middle District of Alabama because Defendants transacted business in this District, acts and transactions constituting the violation occurred in this District, and Defendants participated in contracts in this District.

12. In connection with the conduct alleged in this Complaint, the Defendants, directly or indirectly, singularly or on concert with others, made use of the means or instrumentalities of interstate commerce, and the means or instruments of communication in interstate commerce.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District.

**FACTUAL ALLEGATIONS**

14. UW Global is an alleged franchise company organized in Minnesota which offered Franchise Disclosure Documents ("FDD") for the Urban Wok concept even though Plaintiffs UW Brookhaven and UW Auburn entered into License Agreements with Urban Wok, LLC.

15. Urban Wok is a multi-unit fast casual dining concept. According to its website, it is "a 'fresh casual' restaurant concept designed for vibrant urban lifestyle neighborhoods."

16. Urban Wok is a Franchisor improperly offering License Agreements.

17. Urban Wok's Chief Manager and majority shareholder is Mark Toth.

18. Matthew Moore ("Moore") is an adult resident of Opelika, Alabama who owns and operates businesses in Alabama and is the President of UW Brookhaven and UW Auburn. Moore is also sole owner of CM Ventures, Inc.

19. Moore was first introduced to Urban Wok while opening a business in the Brookhaven, Georgia area in or around February 2022.

20. In or around March 2022, Moore made contact with Urban Wok's corporate operations to inquire about franchising opportunities.

21. On or about March 11, 2022, Moore received a 2021 FDD from UW Global.

22. In or around July 2022, Moore was informed that UW Brookhaven was for sale.

23. On September 28, 2022, Moore received an email from Urban Wok's Director of Growth and expansion George McCorkell related to UW Brookhaven's operations, financial performance and opportunities to improve. This email contained financial documents from Urban Wok related to UW Brookhaven. A true and correct copy of the September 28, 2022 McCorkell email is attached hereto as Exhibit A.

24. On September 30, 2022 Moore received an email from Toth wherein he misrepresented the average weekly sales figures of the Colombia, SC and Saint

Louis Park, MN Urban Wok locations. A true and correct copy of the September 30, 2022 Toth email is attached hereto as Exhibit B.

25. After receiving these financial and operation misrepresentations, on or about October 3, 2022, Moore expressed his interest in pursuing the acquisition of UW Brookhaven.

26. On December 15, 2022, Moore received UW Global's 2021 Franchise Agreement. However, Moore did not enter into a Franchise Agreement with UW Global.

27. Rather, on or about February 23, 2023, a Licensing Agreement was entered into between Urban Wok and UW Brookhaven, LLC for the Territory in Brookhaven, Atlanta, Georgia ("UW Brookhaven Licensing Agreement"). A true and correct copy of the UW Brookhaven Licensing Agreement is attached hereto as Exhibit C.

28. Defendants purport to offer "Licensing Agreements" when in fact they are "Franchise Agreements" in that Urban Wok controls the manner in which a *franchisee* operates its locations, provides the use of its registered trademarks and charges a monthly royalty percentage of *franchisee's* gross profits. These conditions equate to a Franchisor/Franchisee relationship which requires certain disclosures prior to entering into a Franchise Agreement pursuant to Minnesota Statute 80C.01(4).

29. 16 C.F.R. § 436.2 sets forth federal regulations with respect to providing certain disclosures to a prospective franchisee:

> In connection with the offer or sale of a franchise to be located in the United States of America . . . it is an unfair or deceptive act or practice in violation of Section 5 of the Federal Trade Commission Act:
>
> > (a) For any franchisor to fail to furnish a prospective franchisee with a copy of the franchisor's current disclosure document . . . at least 14 calendar-days before the prospective franchisee signs a binding agreement with, or makes any payment to, the franchisor or an affiliate in connection with the proposed franchise sale.

16 C.F.R. § 436.2 – Obligation to furnish documents.

30. Section 5 of the Federal Trade Commission Act grants the broad authority to investigate any "unfair or deceptive acts" and the power to enforce any penalties it finds are warranted in a particular case. Some of the penalties include fines, fees, damages and the rescission of any contracts entered into unlawfully.

31. On March 1, 2023, Moore closed the transaction for UW Brookhaven. Again, Moore never entered into a Franchise Agreement with Urban Wok or affiliated companies as represented by the FDD.

32. On March 11, 2023, Moore made a visit to Urban Wok's corporate headquarters to discuss opportunities to become an investor in Urban Wok.

33. Also on March 11, 2023, Moore discussed with Urban Wok's corporate office an opportunity for an Urban Wok location in Auburn, Alabama.

34. On or about April 4, 2023, Moore again received Urban Wok's 2021 FDD and was told by Urban Wok that the 2022 FDD was not filed on time and the 2023 FDD was pending.

35. Notably, in or around May 2023, Moore received Urban Wok's 2022 financial statements. A true and correct copy of the 2022 Financial Statements are attached hereto as Exhibit D.

36. These financial statements were grossly inaccurate and inflated Urban Wok's figures for the purpose of inducing Moore to invest in the Auburn location and Urban Wok corporate.

37. On May 25, 2023, Moore signed a Lease for property located in Auburn, Alabama for the purpose of opening an Urban Wok franchise location.

38. On July 8, 2023, a Licensing Agreement was entered into between UW Auburn and Urban Wok for the Territory in Auburn/Opelika, Alabama ("UW Auburn Licensing Agreement"). A true and correct copy of the UW Auburn Licensing Agreement is attached hereto as Exhibit E.

39. During the months of June 2023 and July 2023, Moore and Urban Wok continued discussions of investment options.

40. On or about July 22, 2023, Moore received UW Global's 2023 draft FDD. Notably, this FDD was never approved by the state of Minnesota.

41. On or about August 3, 2023, Moore signed a Private Placement Memorandum wherein he agreed, through his corporate entity CM Ventures, Inc., to invest $100,000 into Urban Wok for 10% ownership.

42. In or about August of 2023, Moore wired funds to Urban Wok in the amount of $100,000.

43. From August 2023 to February 2024, construction and equipment ordering commenced for the UW Auburn location.

44. On February 18, 2024, Moore was forced to close the UW Brookhaven location due to poor financial performance.

45. In February 2024, Moore opened the UW Auburn location.

46. Between February 2024 and July 2024, Moore requested Urban Wok's K-1[1] for 2023 from Urban Wok's corporate office.

47. On or about August 6, 2024, Moore finally received Urban Wok's K-1 from its accountant.

48. It was at this time, August 6, 2024, when Moore discovered discrepancies including inaccurate and fraudulent figures in Urban Wok's financial information related to previous years' financials.

---

[1] Schedule K-1 is an IRS form used by partnerships, S corporations, and estates and trusts to declare the income, deductions, and credits that partners, shareholders, and beneficiaries have received in the tax year. Individual taxpayers transfer the financial information on their K-1s to their tax returns.

49. Specifically, these discrepancies in Urban Wok's financial information were discovered upon Moore's receipt of the 2023 Urban Wok Financial Statements provided to Moore on August 6, 2024 by Urban Wok's accountants. The 2023 Financial Statements clearly show that the 2022 figures were inflated to induce Plaintiff to invest in the Auburn location and Urban Wok itself. (*See* Exhibit F & Exhibit G, set forth in more detail below).

50. It was also at this time around August 6, 2024, that Moore was told by Urban Wok's accountant that at Toth's direction, he was unable to provide any additional financial information to Moore.

51. Providing these inflated figures fraudulently induced Plaintiffs to enter into the and UW Auburn Licensing Agreement and invest in Urban Wok.

52. On September 4, 2024, Toth sent an email to Moore apologizing for the information that had been provided to Moore by stating in part as follows:

> soon! Clearly 2024 has not gone as planned with our franchise partners
> given the loss of stores. There are lots of reasons for this but I am
> committed to concentrating on the stores we have including Auburn. In
> addition, I feel terrible about the info I sent you regarding the
> investment and I am committed to getting you the funds back and have a few
> things in place that I am waiting on so it will take some time. I need
> to concentrate on my own company. More to come on that as we have a

(Emphasis added). A true and correct copy of the September 4, 2024 email is attached hereto as Exhibit F.

53. In a follow-up email on September 11, 2024, Toth communicated that he would repay Moore the investment he had made by stating in part the following:

> -----Original Message-----
> From: Mark Toth <
> Sent: Wednesday, September 11, 2024 7:18 AM
> To: Matthew Moore <                              >
> Subject: PPM
>
> Here you - The formatting is all wonky for some reason. Anyway, as I stated, work in progress get the $100k back to you. Plan is in motion - more to come.

(Emphasis added). A true and correct copy of the September 11, 2024 email is attached hereto as Exhibit G.

54. On October 3, 2024, Moore was forced to close UW Auburn due to poor financial performance.

55. Plaintiffs were never provided with proper disclosures or financial statements prior to entering into the UW Brookhaven "License Agreement" or the UW Auburn "Licensing Agreement."

56. The 2021 Urban Wok FDD provided to Plaintiffs is woefully deficient in many respects and does not meet the requirements set forth by the FTC in 16 C.F.R. § 436.5 – Disclosure Items. Further, the FDD was provided by a corporate entity, UW Global, that Plaintiffs did not enter into a Franchise Agreement with.

57. Defendants offered Plaintiffs a Licensing Agreement rather than a Franchise Agreement, which contains much less and different information than is required in a Franchise Agreement.

58. The UW Brookhaven and UW Auburn "Licensing Agreements" are therefore *void ab initio* and unenforceable against Plaintiffs.

59. Urban Wok's franchise registration was cancelled by the State of Minnesota on August 30, 2023. A true and correct copy of the Order Cancelling Registration is attached hereto as Exhibit H.

60. Urban Wok's franchise registration was cancelled by the State of Minnesota because Urban Wok failed to file its annual report and fee by February 28, 2023, further making the UW Brookhaven and UW Auburn "Licensing Agreements" unenforceable against Plaintiffs.

## CAUSES OF ACTION

### COUNT ONE
### NEGLIGENCE

61. Plaintiffs incorporate and restate all paragraphs above as if fully set forth herein.

62. Defendants owed Plaintiffs a duty of care.

63. Through the actions described herein, Defendants breached their duty of care.

64. Defendants' negligence was the proximate causation for Plaintiffs' damages.

65. Defendants' negligent and reckless misconduct has caused Plaintiffs' damages, including mental anguish and emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendants including an award for compensatory damages, punitive damages, interest, costs, attorney's fees and all other relief available under Alabama law.

## COUNT TWO
## FRAUDULENT MISREPRESENTATION

66. Plaintiffs incorporate and restate all paragraphs above as if fully set forth herein.

67. Defendants made statements to Plaintiffs which were false and/or which Defendants knew or should have known were false.

68. Defendants intentionally and/or recklessly made the false statements to Plaintiffs.

69. For instance, On September 30, 2022 Moore received an email from Toth wherein he misrepresented the average weekly sales figures of the Colombia, SC and Saint Louis Park, MN Urban Wok locations. (*See* Exhibit B).

70. In addition, in or around May 2023, Moore received Urban Wok's 2022 financial statements which were grossly inaccurate and inflated for the purpose of inducing Moore to invest in the Auburn location and Urban Wok corporate. (*See* Exhibit D).

71. Defendant Toth has admitted that the 2022 financial statements provided to Plaintiffs were inaccurate and inflated. (*See* Exhibits F & G).

72. Defendants knew or should have known Plaintiffs would rely upon the false information.

73. Plaintiffs reasonably trusted the statements and/or information provided to them by Defendants and took action based upon that information.

74. Plaintiffs have suffered loss or damage as a result of the misrepresentations made by Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, interest, costs, attorney's fees and all other relief available under Alabama law.

## COUNT THREE
## SUPPRESSION

75. Plaintiffs incorporate and restate all paragraphs above as if fully set forth herein.

76. Defendants willfully, wantonly, fraudulently, recklessly and/or innocently suppressed material facts from Plaintiffs.

77. Specifically, the Defendants intentionally suppressed their poor financial condition in an effort to get Plaintiffs to invest in Defendants.

78. Defendants had a duty to disclose to Plaintiffs certain financial information related to the parties' dealings.

79. Plaintiffs have been damaged as a direct and proximate result of the suppression and misrepresentations by Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, interest, costs, attorney's fees and all other relief available under Alabama law.

## COUNT FOUR
## BREACH OF CONTRACT

80. Plaintiffs incorporate and restate all paragraphs above as if fully set forth herein.

81. Plaintiffs and Defendants entered into Licensing Agreements as set forth above.

82. Defendants improperly entered into Licensing Agreements instead of Franchise Agreements with Plaintiffs.

83. Defendants breached the UW Brookhaven Licensing Agreement by not providing the information required in Franchise Agreements.

84. Defendants breached the UW Auburn Licensing Agreement by by not providing the information required in Franchise Agreements.

85. Defendants knowingly violated the terms of the UW Brookhaven and UW Auburn Licensing Agreements.

86. Defendants' actions have harmed and continue to harm and cause damages to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, interest, costs, attorney's fees and all other relief available under Alabama law.

## COUNT FIVE
## DECLARATORY JUDGMENT

87. Plaintiffs incorporate and restate all paragraphs above as if fully set forth herein.

88. Under 28 U.S.C. § 2201, *et seq.,* this Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

89. A real, bonafide controversy exists, as defined by the 28 U.S.C. § 2201, *et seq.*, between the parties with regard to Plaintiffs and Defendants' duties and obligations under any agreement or contracts entered into between the parties to this action. Specifically, a controversy exists as to whether the UW Brookhaven "Licensing Agreement" and the UW Auburn "Licensing Agreement" are valid and enforceable.

90. Plaintiffs request this Court to enter an Order that Defendants "Licensing Agreements" should have been "Franchise Agreements" in accordance with 16 C.F.R. § 436, *et seq*.

WHEREFORE, Plaintiffs demand a declaratory judgment Order as follows:

     A.    Defendants offered Plaintiffs a Licensing Agreement rather than a Franchise Agreement, which contains much less and different information than a Franchise Agreement.

     B.    That the UW Brookhaven "Licensing Agreement" is *void ab initio* and unenforceable against Plaintiffs.

     C.    That the UW Auburn "Licensing Agreement" is *void ab initio* and unenforceable against Plaintiffs.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable by jury.

Respectfully submitted,

*/s/ Michael J. Douglas*
Michael J. Douglas  ASB2888C52D
LEAK, DOUGLAS & MORANO, PC
The John Hand Building
17 20th Street North, Suite 200
Birmingham, AL  35203
205.977.7099
mdouglas@leakdouglas.com

**DEFENDANTS MAY BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Urban Wok, LLC
c/o Its Manager, Mark Toth
111 4th Avenue North #208
Minneapolis, MN 55401

Urban Wok Management, LLC
c/o Its Manager, Mark Toth
111 4th Avenue North #208
Minneapolis, MN 55401

Urban Wok Global Fusion, LLC
c/o Its Registered Agent, Mark Toth
253 4th Street East #103
Saint Paul, MN 55101

Mark Edward Toth
111 4th Avenue North #208
Minneapolis, MN 55401